UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| BARBIE LANGE, BRIANNA LANGE, and AUDRIANA SOMMERFELD,<br>　　　　　　　　Plaintiffs,<br>v.<br>JOHN D. CROSBIE and V GRAHAM & SONS TRUCKING, INC.,<br>　　　　　　　　Defendants.<br>_____/ | Case No. 22-11495<br><br>F. Kay Behm<br>United States District Judge<br><br>Curtis Ivy, Jr.<br>United States Magistrate Judge |

**ORDER GRANTING DEFENDANTS' MOTION TO COMPEL (ECF No. 26)**

This lawsuit arises out of a vehicle accident that allegedly caused the plaintiffs physical and mental injuries. Defendants seek a Court Order compelling the plaintiffs to submit to independent medical and mental examinations ("IMEs") under Fed. R. Civ. P. 35. The undersigned convened an informal status conference on July 6, 2023, but no resolution was reached. Defendants were directed to file a motion to compel, which they did. (ECF No. 26). This matter was referred to the undersigned for all discovery disputes. (ECF No. 18).

Federal Rule of Civil Procedure 35(a) provides that when a party's mental or physical condition is in controversy, the court may order the person to submit to a physical or mental examination if it finds good cause. Plaintiffs do not contest that

their physical and mental conditions are in controversy. Instead, they argue that Defendants waited too long to seek the IMEs and have not shown good cause to extend discovery to allow for the examinations. (ECF No. 27).

Defendants served notices of IMEs for Plaintiffs Audriana and Brianna on June 12, 2023, for examinations to occur on June 21, 2023. (ECF No. 26, PageID.136). Defendants did not notice an IME for Barbie, but wish for Barbie to also submit to an IME. They argue they are entitled to the IMEs under Rule 35 and that Plaintiffs will not be prejudiced because Defendants agreed to reimburse them for their travel. And they note that Plaintiffs testified about their ongoing physical and mental issues during their February 2023 depositions. They also state that all three plaintiffs live out of state, so more work was needed to hire appropriate medical examiners. Defendants' motion was filed after the discovery deadline closed.

Plaintiffs assert that Defendants have known about their injuries since the end of 2022, yet waited until June 12, 2023, almost two weeks before the close of discovery, to notice them. Plaintiffs also take issue with the fact that the medical examiners were not listed on Defendants' expert witness list, and rebuttal expert reports were due June 12, 2023, the date the IME notices were served. (ECF No. 27, 195-99). They assert that there is no good cause to take these IME because of the delay, and that Defendants made the IME request only in response to Plaintiffs'

2

settlement demand. (*Id.* at PageID.200). At this point, Plaintiffs argue they would be prejudiced because the IMEs would occur after the expert and rebuttal expert disclosure deadlines. (*Id.* at PageID.213-14).

In reply, Defendants argue there was no undue delay because they were unaware of the "continuing nature" of Plaintiffs' alleged injuries until the February 2023 depositions, four months before the IMEs were noticed. (ECF No. 28, PageID.462). They assert that some of the delay was also caused by the substitution of attorneys during April 2023, and the extensive research required to identify qualified out-of-state examiners. Defendants insist that the passage of the expert witness deadline is of no moment because Rule 35 reports are subject to different disclosure rules. Rule 35 only requires that the examining doctor produce a report. (*Id.* at PageID.464-65). Lastly, Defendants contend that good cause exists to extend discovery for the reasons given why they did not notice the IME until June 2023. Defendants did not address their failure to formally notice any IMEs for Plaintiff Barbie Lange.

There is good cause for the IMEs as Plaintiffs' physical and mental conditions are in controversy. The Court finds the delay in seeking the IMEs was not undue, though ideally Defendants should have obtained the IMEs much sooner. Defendants explain that they learned during February that the alleged harms are ongoing, not past. And in April 2023, defense counsel was substituted, which

3

precipitated a need to get familiar with the case. The Court agrees with Defendants that the expert deadlines have no impact on whether these IMEs should go forward. Rule 35 requires Defendants to provide, upon request, a copy of the examiner's report. Fed. R. Civ. P. 35(b)(1). There is no requirement that the physician conducting the IME also be called as an expert witness and provide an expert report under Rule 26. *See Botkin v. Tokio Marine & Nichido Fire Ins. Co., Ltd.*, 2013 WL 12384663, at *3 (E.D. Ky. Apr. 9, 2013).

The motion to compel is **GRANTED** as to Audriana and Briana's IMEs. These IMEs were noticed before the discovery cutoff. The Court need not extend the discovery deadline to order that these IMEs go forward. That said, according to emails between counsel, these IMEs are planned to be scheduled with a physician who is 3.5 hours away from these plaintiffs, one way. (ECF No. 26-7, PageID.177). Seven hours of travel time, plus time for the examinations, is excessive. The most efficient and less burdensome course for these plaintiffs is to attend IMEs closer to home. Defendants must make a good-faith effort to hire closer examiners. If they cannot, the parties should confer on the reimbursement for travel and lodging, if necessary.

Defendants did not request Barbie's IME until their motion to compel filed after the close of discovery, and no explanation was given for the failure.

4

The case management order requires discovery requests to be served sufficiently in advance of the cutoff so that the response (or exam) can be complete before the cutoff. (ECF No. 13). Extensions of scheduling order deadlines are governed by Fed. R. Civ. P. 16(b). The scheduling order can be modified on a showing of good cause, determining whether the movant exhibited diligence in meeting the deadline and whether an extension would prejudice the opposing party. Defendants did not seek an extension of discovery until the reply brief, but that is perhaps because, in email correspondence, Plaintiffs' counsel agreed to extend discovery 60 days, although she did not agree to Audriana and Briana appearing for the noticed IMEs. (ECF No. 28-2, PageID.470). At the July 6, 2023, status conference, Plaintiffs' counsel stated there is no longer an agreement to extend discovery.

Good cause exists to extend discovery to allow Barbie's IME(s) to go forward. Defendants' explanation for the delay in noticing IMEs is sufficient for the Court to conclude that there was some diligence in meeting the deadline with the belief that an extension was imminent. And no there is no obvious prejudice that would befall Plaintiffs in extending the time to take the IMEs. The Court has an interest in resolving matters on their merits, rather than on a procedural default. Thus, the motion to compel is also **GRANTED** as to Barbie's IME(s).

The IMEs must be competed one week before the mediation scheduled for October 4, 2023, to allow both sides time to review the results, unless the parties

5

agree otherwise. The parties should direct a request to extend the dispositive motion deadline, if any, to the District Judge.

**IT IS SO ORDERED**.

The parties here may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d). A party may not assign as error any defect in this Order to which timely objection was not made. Fed. R. Civ. P. 72(a). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in effect unless it is stayed by the magistrate judge or a district judge. E.D. Mich. Local Rule 72.2.

Date: August 1, 2023

s/Curtis Ivy, Jr.
Curtis Ivy, Jr.
United States Magistrate Judge