UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| BARBIE LANGE, BRIANNA LANGE, and AUDRIANA SOMMERFELD, <br><br>　　　　　　　　Plaintiffs,<br>v.<br><br>JOHN D. CROSBIE and V GRAHAM & SONS TRUCKING, INC.,<br><br>　　　　　　　　Defendants.<br>_____/ | Case No. 22-11495<br><br>F. Kay Behm<br>United States District Judge<br><br>Curtis Ivy, Jr.<br>United States Magistrate Judge |

## **ORDER DENYING PLAINTIFFS' MOTION TO STAY ORDER (ECF No. 32)**

The Court recently granted Defendants' motion to compel the Plaintiffs to attend independent medical examinations ("IMEs"). (ECF No. 29). Plaintiffs objected to that Order. (ECF No. 30). They also moved for a protective order to stay execution of the Court's Order pending a ruling on their objections. (ECF No. 32). The motion was referred to the undersigned. (ECF No. 35).

Though styled as a motion for protective order to prevent the IMEs going forward until the District Judge rules on objections, seeking a protective order was not the right procedure. Federal Rule of Civil Procedure 72 allows parties fourteen days after service of an order entered by a magistrate judge to file their objections to the order. The act of filing objections does not stay the force of the magistrate

judge's order, which "remains in full force and effect," hence Plaintiffs' motion to stay the Order pending resolution of their objections. E.D. Mich. L.R. 72.2. The party seeking a stay pending (what amounts to) an appeal must establish that a stay is warranted. *Grutter v. Bollinger*, 247 F.3d 631, 632 (6th Cir. 2001). The factors that govern a stay pending appeal are: "1) the likelihood that the party seeking the stay will prevail on the merits of the appeal; 2) the likelihood that the moving party will be irreparably harmed absent a stay; 3) the prospect that others will be harmed if the court grants the stay; and 4) the public interest in granting the stay." *Travelers Prop. Cas. Co. v. R.L. Polk & Co.*, 2008 WL 3843512, at *1 (E.D. Mich. Aug. 13, 2008) (quoting *Grutter v. Bollinger*, 247 F.3d 631, 632 (6th Cir. 2001)).

In support of their motion, Plaintiffs argue a stay should be granted (1) for the reasons set forth in their objections, (2) because they "would incur significant annoyance, embarrassment, oppression, and/or undue burden or expense" if they were required to attend the IMEs, and (3) because they will be unable to depose the physicians since the discovery period is closed. (ECF No. 32, PageID.526). They insist there will be no harm to Defendants if the stay is granted because they can re-notice the IMEs if the objections are overruled. Because Plaintiffs did not bring their motion under the right standard, they did not address the likelihood of success on their objections. Instead, the undersigned must review the objections and

2

determine whether they are likely to succeed, a burden not intended for the Court in the first instance.

A district court may set aside a magistrate judge's order on a nondispositive pretrial matter if it is clearly erroneous or contrary to law. *See* 28 U.S.C. § 636(b)(1)(A); *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001).

Plaintiffs argue that good cause does not exist to take their IMEs because Defendants delayed in seeking IMEs until the close of discovery and after the rebuttal expert disclosures were due. (ECF No. 30, PageID.496). The standard for ordering a party to attend an IME is whether the Court finds good cause for the mental or physical examination. Because Plaintiffs' mental and physical states are in controversy, the undersigned does not find it clearly erroneous or contrary to law that good cause exists for the IMEs. Plaintiffs argue it was error to note that the fact that expert disclosures passed did not impact whether good cause exists to order attendance at IMEs, but cites no legal support for the proposition. They also argue they will suffer undue prejudice because the Court ordered that the IMEs complete one week before the October 4, 2023, mediation, because they will unlikely have the IME reports before mediation. This concern appears to be addressed by the timing of the IMEs—the last IME is scheduled to occur September 18, 2023, according to Plaintiffs. The undersigned finds the objections do not have a likelihood of success.

The undersigned also finds Plaintiffs will not be irreparably harmed absent a stay. If their objections are sustained after some or all of the IMEs have taken place, they will have suffered only the burden of taking the time to attend the IMEs. Defendants offered to cover travel costs and are necessarily covering the costs of the examinations. The burden of attending the IMEs is not great and is not an irreparable harm. If the stay is granted, this could delay the litigation further, if the objections are overruled, pushing back the IMEs even further than anticipated. The best course is to go forward with the IMEs while the District Judge reviews the objections. The motion is **DENIED.**

The Court would entertain a motion to extend case deadlines, if a party choses to file a motion.

**IT IS SO ORDERED**.

The parties here may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d). A party may not assign as error any defect in this Order to which timely objection was not made. Fed. R. Civ. P. 72(a). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in

effect unless it is stayed by the magistrate judge or a district judge. E.D. Mich. Local Rule 72.2.


Date: August 28, 2023                             s/Curtis Ivy, Jr.
                                                  Curtis Ivy, Jr.
                                                  United States Magistrate Judge